UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80806-CIV-MARRA

ALASTAIR TAIT and
CHARLOTTE TAIT,

Plaintiffs,

vs.

430 HIBISCUS, L.P.,
Delaware Limited Partnership,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant 430 Hibiscus, L.P.'s ("Defendant") Motion to Dismiss Amended Complaint (DE 12).  No response to the motion was filed.[1]  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On October 15, 2008, Plaintiffs Alastair Tait and Charlotte Tait ("Plaintiffs") filed an Amended Complaint, seeking damages and revocation of their contract for purchase of a home from Defendant under the Interstate Land Sales Full Disclosure Act ("ILSFDA"). The facts, as alleged in the Amended Complaint, are as follows: On or about December 29, 2005, Plaintiffs executed a Purchase Agreement for the purchase of a condominium unit for $320,900 at "City Palms, a Condominium." (Am. Compl. ¶¶ 8, 10; Purchase Agreement, DE 6.)  At the time

---

[1] On January 28, 2009, the Court ordered Plaintiffs to file a response to the instant motion and warned Plaintiffs that failure to file a response would result in consideration of the motion without the benefit of Plaintiffs' response (DE 19).  The Court notes that Plaintiffs have engaged in a pattern of ignoring deadlines and Court orders.

Plaintiffs entered into the Purchase Agreement, they paid an initial deposit of $32,090.00. (Am. Compl. ¶ 11.)  Pursuant to the terms of the Purchase Agreement, Plaintiffs paid an additional deposit of $32,090.00 on or about July 21, 2006. (Am. Compl. ¶ 13.)

Plaintiffs claim that Defendant was required under 15 U.S.C. § 1703(a)(1) to provide them with a copy of a property report regarding City Palms at the time of execution of the contract, but Plaintiffs never received a property report. (Am. Compl. ¶¶ 19-20.)  Plaintiffs also allege that Defendant's acceptance of the second deposit on or about July of 2006 "fraudulently induced" Plaintiffs to continue to make payments and that the failure to provide a property report was a continuing violation of ILSFDA.  (Am. Compl. ¶¶ 23-24.)   Plaintiffs state that they exercised their right to rescind the Purchase Agreement when they demanded their deposit returned on July 16, 2008. (Am. Compl. ¶ 25.)  Plaintiffs seek "any and all equitable relief and/or available damages" under the ILSFDA. (Am. Compl. ¶ 29.)

Defendant moves to dismiss the ILSFDA claim as time barred.  Specifically, Defendant states that Plaintiffs failed to notify Defendant of the failure to provide a property report within two years from the date of the Agreement as required under 15 U.S.C. § 1703(c).

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

2

Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

   III.  Discussion

The ILSFDA "is an antifraud statute utilizing disclosure as its primary tool" to "protect purchasers from unscrupulous sales of undeveloped home sites." Winter v. Hollingsworth Properties, Inc., 777 F.2d 1444, 1446-47 (11th Cir. 1985). Federal law governs the interpretation of the ILSFDA, a federal statute. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 176 (1942). The ILSFDA prohibits any developer from making use of interstate commerce to sell or lease a property unless a statutorily defined property report is furnished to the purchaser. 15 U.S.C. § 1703(a)(1)(B).  Pursuant to section 1703 of the ILSFDA, if a purchaser was not furnished with the required property report prior to the execution of the purchase agreement, "such contract or agreement may be revoked at the option of the purchaser or lessee **within two years from the date of such signing**, and such contract or agreement shall clearly provide this right." 15 U.S.C. § 1703(c) (emphasis added); see Orsi v. Kirkwood, 999 F.2d 86, 89 (4th Cir. 1993) (ILSFDA provides a two year statute of limitations for rescission of a contract to buy property); Ditthardt v. North Ocean Condos, L.P., 580 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008) (rescission claims under section 1703(c) must be brought within two years from date of signing); Taylor v. Holiday Isle, LLC, 561 F. Supp. 2d 1269, 1273-74 (S.D. Ala. 2008).  If  a seller refuses to honor the rescission, the purchaser has three years after the signing of the contract or lease to

file suit to enforce its right of rescission. 15 U.S.C. § 1711(b)[2]; see Taylor, 561 F. Supp. 2d at 1271-72 & n.8 citing H.R. Rep. No. 96-154 (noting legislative history supports construing ILSFDA as providing two years for a purchaser to seek rescission and three years to sue to enforce that right of rescission). ILSFDA provides a three year statute of limitations for monetary damages for violations of section 1703(a). 15 U.S.C. § 1711(a); see Orsi, 999 F.2d at 89. Section 1709[3] of the ILSFDA allows a purchaser to bring an action at law or in equity for

---

[2] Section 1711 of the ILSFDA provides that "[n]o action shall be maintained . . . to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within three years after the signing of the contract or lease." 15 U.S.C. § 1711.

[3] 15 U.S.C. § 1709. Civil liabilities

(a) Violations; relief recoverable
A purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title. In a suit authorized by this subsection, the court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable. In determining such relief the court may take into account, but not be limited to, the following factors: the contract price of the lot or leasehold; the amount the purchaser or lessee actually paid; the cost of any improvements to the lot; the fair market value of the lot or leasehold at the time relief is determined; and the fair market value of the lot or leasehold at the time such lot was purchased or leased.
(b) Enforcement of rights by purchaser or lessee
A purchaser or lessee may bring an action at law or in equity against the seller or lessor (or successor thereof) to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title.
(c) Amounts recoverable
The amount recoverable in a suit authorized by this section may include, in addition to matters specified in subsections (a) and (b) of this section, interest, court costs, and reasonable amounts for attorneys' fees, independent appraisers' fees, and travel to and from the lot.
(d) Contributions
Every person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment.

sales made in violation of § 1703.

The Amended Complaint plainly states that Plaintiffs signed the Purchase Agreement on December 29, 2005 (Am. Compl. ¶ 8) and did not seek rescission until July 16, 2008 (Am. Compl. ¶ 25). Clearly, then, Plaintiffs failed to file suit within the two year requirement set forth in 15 U.S.C. § 1703(c).[4] Therefore, Plaintiffs are barred from seeking rescission of the Purchase Agreement based on the alleged failure of Defendant to provide a property report. However, Plaintiffs' claim for Defendant's alleged violation of § 1703(a) is not time-barred, as it was brought within three years after the date of signing. See 15 U.S.C. 1711.

The Amended Complaint, however, is unclear regarding a claim for damages and therefore Plaintiffs will be granted leave to amend. While Plaintiffs allege that they never received a property report, they do not allege any facts that give rise to a claim for damages. Furthermore, although the ILSFDA claim is labeled "Fraudulent Violation of 15 U.S.C. § 1701 et seq." and the Amended Complaint states that Defendant "fraudulently induced" Plaintiffs to continue to make payments after July of 2006 (Am. Compl. ¶ 23), the Amended Complaint does not identify any payment made to Defendant by Plaintiffs or any alleged act by Defendant constituting fraud.[5] Thus, the allegations regarding fraudulent inducement are inadequate and must be re-plead. Of course, in re-pleading these claims, Plaintiffs must operate in good faith

---

[4] The Court rejects any potential argument by Plaintiffs, as suggested in the Amended Complaint, that Defendant's violation of the ILSFDA was "continuing in nature" and occurred after Defendant received the second deposit. (Am. Compl. ¶ 24.) Under the ILSFDA, the Court must instead look to the date the initial contract is signed. Cf. Cook v. Deltona Corp., 753 F.2d 1552, 1561-62 (11th Cir. 1985) (under the ILSFDA, a sale under section 1711 takes place at the time the initial contract is signed).

[5] The Court directs Plaintiffs to 15 U.S.C. § 1703(a)(2), the ILSFDA provision addressing fraud.

5

and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

For the reasons stated herein, the Court grants in part and denies in part Defendant's Motion to Dismiss. The Court dismisses Plaintiffs' claim for rescission under the ILSFDA. However, Plaintiffs are granted leave to amend the ILSFDA claim consistent with the directives set forth in this Order.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint (DE 12) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are granted leave to file a second amended complaint by **MARCH 9, 2009.** Failure to file a second amended complaint will result in dismissal of this action.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 20th day of February 2009.

KENNETH A. MARRA
United States District Judge